Brian S. King, #4610
Nediha Hadzikadunic, #15851
Brent J. Newton, #6950
**BRIAN S. KING PC**
336 South 300 East, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936
brian@briansking.com
nediha@briansking.com
brent@briansking.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JIM L., CHRISTINE L., and ALEXA L.,<br><br>    Plaintiffs,<br><br>v.<br><br>ANTHEM BLUE CROSS and the NORTHRUP GRUMMAN HEALTH PLAN<br><br>    Defendants. | ATTORNEYS' PLANNING MEETING REPORT<br><br>Civil No. 2:18-cv-00671 DB<br><br>Magistrate Dustin Pead |

**1.      PRELIMINARY MATTERS**:

    a.    The nature of the claims and affirmative defenses is:

    b.    This case is    \_\_\_\_\_not referred to a magistrate judge

                 _X_ referred to magistrate judge _____

                     _X_ under 636(b)(1)(A)

                     \_\_\_\_\_ under 636(b)(1)(B)

           \_\_\_\_\_assigned to a magistrate judge under General Order 07-001

               and

               \_\_\_\_ all parties consent to the assignment for all

                   proceedings or

          \_\_\_\_ one or more parties request reassignment to a district judge

c. Pursuant to Fed. R.Civ.P. 26(f), the parties have discussed the issues and stipulate to the following proposed schedule.  Plaintiffs are represented by Brian S. King and Defendant Anthem Blue Cross is represented by Timothy C. Houpt and Jessica P. Wilde.

d. The parties \_\_\_\_\_ request / _X_ do not request an initial pretrial scheduling conference with the court prior to entry of the scheduling order.

e. The parties \_\_\_\_\_ have exchanged or _X_ will exchange by **01/18/19** the initial disclosures required by Rule 26(a)(1).

f. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed.R.Civ.P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission.  Such electronic service will constitute service and notice of entry as required by those rules.

2. **DISCOVERY PLAN**:

This case involves claims for unpaid medical benefits under ERISA, 29 U.S.C. §1132(a)(1)(B), and claims for violation of the federal Mental Health Parity and Addiction Equity Act ("MHPAEA") brought under ERISA, 29 U.S.C. §1132(a)(3).

As to the claim for unpaid benefits brought under 29 U.S.C. §1132(a)(1)(B), the parties agree that the scope of discovery for an ERISA claim for unpaid benefits brought under 29 U.S.C. §1132(a)(1)(B) is limited but do not agree about the scope of permissible discovery in this case.  The Plaintiffs contend that case law and ERISA permit discovery if the Defendants have failed to provide a complete response to requests for information made during the pre-litigation appeal by the Plaintiffs and/or to the extent any conflict of interest by the defendants affected the decision making process in the case.  Plaintiffs also contend that where there is any disagreement between the parties as to what the Defendants should have paid for the treatment at issue under the terms of the Plan, discovery is permitted to resolve the question.

Defendants contend that this case should be decided on the pre-litigation appeal record without any supplementation and by entering into this report do not waive their right to object to any proposed discovery or designation of witnesses on that ground.

The Plaintiffs do not believe limiting discovery to any pre-litigation appeal record that may exist for a claim brought under 29 U.S.C. § 1132(a)(1)(B) is appropriate. Plaintiffs request the full scope of discovery allowed by the Federal Rules of Civil Procedure for their MHPAEA claim brought under 29 U.S.C. §1132(a)(3).

In the event there is a dispute as to the completeness of the administrative record, the amount at issue in the case, and/or the necessity for or permissibility of discovery, a party may bring a motion with the court within 45 days of the production of initial disclosures (which shall include the entire administrative record) to have such issues determined by the court. The motion shall include such discovery as is proposed and a memorandum supporting the proposed discovery.

3. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:
   a. The cutoff dates for filing a motion to amend pleadings and/or add parties is: **02/06/19**

4. **EXPERT REPORTS**:
   Reports from experts under Rule 26(a)(2) will be submitted on: **N/A**
   Plaintiff(s) ___/___/___
   Defendant(s) ___/___/___
   Counter reports ___/___/___

5. **OTHER DEADLINES**:
   a. Discovery cutoff:   Fact **03/29/19**     Expert ___/___/___
   b. *(optional)* Final date for supplementation of disclosures under Rule 26 (a)(3) and of discovery under Rule 26 (e) ___/___/___
   c. Deadline for filing dispositive or potentially dispositive motions and Daubert motions is **04/30/19.**

6. **ADR/SETTLEMENT**:
   *Use separate paragraphs/subparagraphs as necessary if the parties disagree.*
   a. The potential for resolution before trial is:   ___ good     ___ fair     ____ poor  _x_ unable to determine prior to completion of discovery
   b. This case should be referred to the court's alternative dispute resolution program for   arbitration: _____     mediation: _____

3

    c.    The case should be re-evaluated for settlement/ADR resolution on: **04/30/19**

**7.    TRIAL AND PREPARATION FOR TRIAL:**

    a.    The parties should have _____ days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than 14 days provided by Rule).

    b.    The parties anticipate that this case will be resolved on summary judgment motions. Alternatively, this case should be ready for trial by: December, 2019

    *Specify type of trial*: Jury _____ Bench _X_

    c.    The estimated length of the trial is: _2_

/s/ Brian S. King                          Date: 12/4/18
Attorney for Plaintiffs

/s/ Jessica Wilde                           Date: 12/4/18
Attorney for Anthem Blue Cross

_____        Date: ___/___/___
Attorney for Plan Defendant