# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **JIM L., CHRISTINE L., and ALEXA L.,**<br><br>     **Plaintiffs,**<br><br>v.<br><br><br><br>**ANTHEM BLUE CROSS and the NORTHRUP GRUMMAN HEALTH PLAN,**<br><br>     **Defendants.** | **SCHEDULING ORDER**<br><br>Case No. 2:18-cv-00671<br><br>**District Court Judge Dee Benson**<br><br>**Magistrate Judge Dustin B. Pead** |

    Pursuant to Fed. R. Civ. P. 16(b), the Court received the Attorney Planning Meeting Report filed by counsel. The following matters are scheduled. The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause pursuant to Fed. R. Civ. P. 6.

**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

1.  **PRELIMINARY MATTERS**

    Nature of claims and any affirmative defenses:

    **Unpaid ERISA medical benefits.**

    a. Date the Rule 26(f)(1) conference was held? **12/04/2018**

    b. Have the parties submitted the Attorney Planning Meeting Report? **Yes**

    c. Deadline for 26(a)(1) initial disclosures? **01/18/2019**

2. **DISCOVERY PLAN**

   a. *The parties agree that this case is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq ("ERISA"). However, the parties disagree about the extent to which, if at all, the plaintiff may conduct discovery. The plaintiff contends that case law and ERISA permit discovery if the defendants have failed to provide a complete response to requests for information made during the pre-litigation appeal by the plaintiff and/or to the extent any conflict of interest by the defendants affected the decision making process in the case. Plaintiffs also contend that where there is any disagreement between the parties as to why the Defendants should have paid for the treatment at issue under the terms of the Plan, discovery is permitted to resolve the question.*

   *Defendants contend that this case should be decided on the administrative record without any supplementation and by entering into this report do not waive their right to object to any proposed discovery or designation of witnesses on that ground.*

   *Plaintiffs do not believe limiting discovery to any pre-litigation appeal record that may exist for a claim brought under 29 U.S.C. § 1132(a)(1)(B) is appropriate. Plaintiffs request the full scope of discovery allowed by the Federal Rules of Civil Procedure for their MHPAE claim brought under 29 U.S.C. §1132(a)(3).*

   *In the event there is a dispute as to the completeness of the administrative record, the amount at issue in the case, and/or the necessity for or permissibility of discovery, a party may bring a motion with the court within 45 days of the production of initial disclosures (which shall include the entire administrative record) to have such issues determined by the court. The motion shall include such discovery as is proposed and a memorandum supporting the proposed discovery.*

    b. Discovery of electronically stored information should be handled as follows:

    *Include provisions of agreement to obtain the benefit of Fed. R. Evid. 502(d).*

    c. Maximum number of deposition by Plaintiff(s) and Defendants(s):  10

    d. Maximum number of hours for each deposition (unless extended by agreement of parties): 7

    Maximum interrogatories by any party to any party: 25

    e. Last day to serve written discovery:  **03/29/2019**

    f. Close of fact discovery: **03/29/2019**

**3.   AMENDMENT OF PLEADINGS/ADDING PARTIES**[1]

    a. Last day to file Motion to Amend Pleadings: **02/06/2019**

    b. Last day to file Motion to Add Parties: **02/06/2019**

**5.   OTHER DEADLINES**

    a. Deadline for filing dispositive or potentially dispositive motions: **04/30/2019**

**6.   SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

    a. Evaluate case for settlement/ADR on: **04/20/2019**

    Settlement probability: **unknown**

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

| | | | |
|---|---|---|---|
| **7.** | a. | **TRIAL AND PREPARATION FOR TRIAL** | **TIME** |
| | | Rule 26(a)(3) pretrial disclosures[1] | |
| | | Plaintiff(s): | **08/02/2019** |
| | b. | Defendant(s): | **08/16/2019** |
| | c. | Objections to Rule 26(a)(3) disclosures (if different than 14 days provided in Rule) | |
| | d. | Special Attorney Conference[2] on or before: | **08/30/2019** |
| | e. | Settlement Conference[3] on or before: | **08/30/2019** |
| | f. | Final Pretrial Conference: | **09/16/2019** 2:30 p.m. |

| Trial | Length | |
|---|---|---|
| i. Bench Trial | 2 *days* | **09/30/2019** 8:30 a.m. |

Signed December 5, 2018.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge

---

[1] The Parties must disclose and exchange any demonstrative exhibits or animations with the 26(a)(3) disclosures.

[2] The Special Attorneys Conference does not involve the Court. During this conference, unless otherwise ordered by the Court, counsel will agree, to the extent possible, on voir dire questions, jury instructions, and a pretrial order. They will discuss the presentation of the case, and they should schedule witnesses to avoid gaps and disruptions. The parties should mark exhibits in a way that does not result in duplication of documents.  The pretrial order should include any special equipment or courtroom arrangement requirements.

[3] The Settlement Conference does not involve the Court unless the Court enters a separate order. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.