Timothy C. Houpt (USB #1543)
Jessica P. Wilde (USB #11801)
JONES, WALDO, HOLBROOK & McDONOUGH, P.C.
170 South Main Street, Suite 1500
Salt Lake City, UT   84101
Telephone:  (801) 521-3200
thoupt@joneswaldo.com
jwilde@joneswaldo.com

*Attorneys for Defendant Anthem Blue Cross*

# IN THE UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| J.L., C.L., and A.L.,<br><br>　　　　　　　Plaintiffs,<br>v.<br><br>ANTHEM BLUE CROSS and NORTHRUP GRUMMAN HEALTH PLAN,<br><br>　　　　　　　Defendants. | **ANTHEM BLUE CROSS'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' SECOND CAUSE OF ACTION**<br><br>Case No. 2:18-cv-671<br><br>Judge Dee Benson<br>Magistrate Judge Dustin B. Pead |

Defendant Anthem Blue Cross ("Anthem") files this reply memorandum in further support of its Motion for Judgment on the Pleadings and for Partial Summary Judgment on Plaintiffs' Second Cause of Action, filed on March 8, 2019 (the "Motion"),[1] and to address Plaintiffs' arguments in its Combined Reply Memorandum and Opposition to Anthem Blue Cross' Motion for Judgment on the Pleadings (the "Combined Memo").

---

[1] In its memorandum filed March 8, 2019 (the Motion), Anthem also opposed Plaintiffs' Motion for Leave to File Amended Complaint.  For the reasons stated in the Motion, amendment would be futile.  Anthem does not rehash those arguments here, as the reply memorandum is limited to Anthem's motion for judgment on the pleadings and for partial summary judgment.

1

# INTRODUCTION

The only paragraphs in the operative Complaint that allege any wrongdoing by Anthem are paragraphs 53 and 54:

> 53. Comparable benefits offered by the Plan for medical/surgical treatment analogous to the benefits the Plan excluded for [A.L.'s] treatment at Sunrise included sub-acute inpatient treatment settings such as skilled nursing facilities, inpatient hospice care, and rehabilitation facilities. For none of these types of treatment does Anthem exclude coverage for medically necessary care of medical/surgical conditions based on geographic location, facility type, provider specialty, or other criteria in the manner Anthem excluded coverage of treatment for [A.L.].
>
> 54. In addition, the Defendants violate 29 C.F.R. §2590.712(c)(4)(i) because the terms of the Plan and the criteria utilized by the Plan and Anthem, as written or in operation, use processes strategies, standards, or other factors to limit coverage for mental health or substance use disorder treatment in a way that is inconsistent with, and more stringently applied, than the processes, strategies, standards or other factors used to limit coverage for medical/surgical treatment in the same classification.

Anthem's arguments are straightforward: Anthem will address why Plaintiffs' Mental Health Parity Act or MHPAEA claim should be dismissed, pursuant to Rule 12(c) and 56 of the Federal Rules of Civil Procedure.

# ARGUMENT

## I. RESIDENTIAL TREATMENT CENTERS ARE *NOT* EXCLUDED.

It is true that, as Plaintiffs put it, "[m]ultiple ways exist to allege a valid MHPAEA claim."[2] But the problem is that Plaintiffs have attempted to throw everything in the kitchen sink by being purposely vague. Further, the only *specific* allegation supporting a MHPAEA violation is not true.

Paragraph 53 of the Complaint alleges that for inpatient treatment settings for medical/surgical conditions, such as skilled nursing facilities, Anthem does not "exclude coverage" in the manner that Anthem excludes coverage for A.L.'s treatment at a residential treatment center – based on "geographic location, facility type, provider specialty, or other

---

[2] Combined Memo, p. 19.

criteria." Paragraph 53 assumes that residential treatment centers fall under the types of treatment that are *excluded* benefits under the Plan, when they are not. There is no categorical exclusion for residential treatment centers and again, 40 days of A.L.'s stay at Sunrise was paid.

In their memorandum Plaintiffs argue that Anthem "misreads" Plaintiffs' claim and that when Plaintiffs allege that Anthem "excluded coverage," what they really mean is that "Anthem's application of criteria . . . was overly restrictive" and "resulted in the improper failure to provide coverage for [A.L.'s] residential treatment."[3] In other words, Plaintiffs argue for a broad reading of "exclude coverage." Plaintiffs argue that "Anthem evaluated residential treatment restrictively relating to the length of stay generally accepted by the mental health community."[4]

Plaintiffs' argument is problematic. First, the plain language of paragraph 53 and the use of the word "exclude," in the context of insurance, refers to a service or treatment that is ineligible or not covered. Plaintiffs realize the difficulty here as they are seeking leave to amend to, among other things, rephrase paragraph 53 so it says "exclude or restrict coverage."

Next, whatever Plaintiffs believe is the "generally accepted" belief as to what a proper length of stay is for a residential treatment center, this is really beside the point: The question is what the Plan or contractual agreement is between the group and its members.

Finally, even giving "exclude" a broad reading to include restricting coverage, generally speaking, there is no support for Plaintiffs' conclusory statement that any limitation was based on Sunrise's geographic location, facility type, provider specialty, or other criteria – in the Complaint or Plaintiffs' Combined Memo.

---

[3] Combined Memo, p. 9; *see id.*, pp. 8-9.
[4] *Id.*, p. 9.

1560954.1

## II. ADMISSION AT A SKILLED NURSING FACILITY MUST BE MEDICALLY NECESSARY.

If Anthem always approved claims at a skilled nursing facility, irrespective of the patient's condition, or, alternatively, approved claims regardless of the number of days requested – when compared to rigorously applying medical necessity criteria for residential treatment centers – then it seems as though Plaintiffs would have a colorable claim for violation of MHPAEA.  But that is not the case here.  The Skilled Nursing Facility Services criteria, identified as Guideline #: CG-MED-31H,[5] applicable to the group health plan at issue,[6] has a laundry list of requirements that must be met in order to qualify for benefits.  On its face, the Skilled Nursing Facility Services criteria is restrictive and certainly shows that there must be a real and demonstrable condition that requires 24-hour care, just like a residential treatment center.[7]

Plaintiffs state in their Combined Memo that there are "questions that exist about Anthem's medical necessity evaluations for medical and surgical conditions."[8]  The *real* question is – what are those questions?  They have not been pleaded.  Plaintiffs hope to get past the pleading stage so that they can conduct a fishing expedition pertaining to all criteria applied by defendants.

## III. PLAINTIFFS HAVE NOT SUFFICIENTLY IDENTIFIED THE "PROCESSES, STRATEGIES, STANDARDS, OR OTHER FACTORS" THAT ANTHEM ALLEGEDLY USES TO LIMIT COVERAGE FOR RESIDENTIAL TREATMENT CENTERS AND WHY THOSE PROCESSES, ETC., ARE MORE STRINGENT THAN THE PROCESSES, ETC., FOR SKILLED NURSING FACILITIES.

The Court should grant Anthem judgment on the pleadings with respect to paragraph 54, which is more or less a recitation of 29 C.F.R. § 2590.712(c)(4)(i).  Plaintiffs allege that there is a MHPAEA violation because the "criteria utilized by the Plan and Anthem, as written or in

---

[5] This criteria is attached to the Declaration of David Naimark, M.D. ("Naimark Decl.") as Ex. G.
[6] Naimark Decl., ¶ 8.
[7] *See* Naimark Decl., Ex. G.
[8] Combined Memo, p. 6.

operation, use processes, strategies, standards, or other factors to limit coverage for mental health or substance use disorder treatment in a way that is inconsistent with, and more stringently applied, than the processes, strategies, standards or other factors used to limit coverage for medical/surgical treatment in the same classification."

Again, what is it exactly that Anthem did to violate MHPAEA? Plaintiffs' allegation here is vague, conclusory, and Plaintiffs fail to state a claim under MHPAEA. On pages 7-8 of the Combined Memo, Plaintiffs argue, in essence, that a residential treatment center should place less emphasis on safety monitoring than an acute facility such as inpatient hospitalization. However, when compared to a skilled nursing facility, which requires that "[t]here must be a ***significant probability that complications would arise without skilled supervision*** of the treatment plan by a licensed nurse,"[9] it appears that both residential treatment centers *and* skilled nursing facilities, intermediate or long-term care centers, focus on safety. They both require that without the treatment, there will be either medical "complications" or a manifestation of behaviors that "risk serious harm."[10]

Without more substance to Plaintiffs' claim, Plaintiffs should not be able to conduct discovery on these unsupported and vague allegations of a suspected-but-not-known violation of MHPAEA. The potential discovery that Plaintiffs seek is expansive. For example, Plaintiffs say that there could be a violation, not just by the language of the criteria, but "through unprincipled application of the Plan terms . . . ."[11] Not focusing on any specific Plan term, apparently there could be a disparate application of these terms. And the discovery that would take to narrow in on an alleged disparate application of medical necessity criteria (even if properly pleaded) could be a massive undertaking.[12]

---

[9] Naimark Decl., p. 2 (subsection E.2.) (emphasis added).
[10] *See* Naimark Decl., Ex. F, p. 2.
[11] Naimark Decl., p. 11.
[12] If Anthem's motion is denied, Anthem of course reserves the right to make objections in discovery regarding relevance, proportionality and any other objections it may have.

5

## CONCLUSION

For all of the foregoing reasons, the Court should grant judgment in favor of Anthem on Plaintiffs' MHPAEA claim.

DATED this 26th day of April, 2019.

        JONES WALDO HOLBROOK & McDONOUGH

        */s/ Jessica P. Wilde*
        Timothy C. Houpt
        Jessica P. Wilde
        Attorneys for Defendant Anthem Blue Cross

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of April, 2019, I electronically filed the foregoing which caused a copy to be sent to:

>Brian S. King
>Nediha Hadzikadunic
>Brian S. King, P.C.
>336 South 300 East, Suite 200
>Salt Lake City, UT 84111
>brian@briansking.com
>nediha@briansking.com
>
>Jeffrey Scott Williams
>Nelson Christensen Hollingworth & Williams
>68 S. Main Street, Suite 600
>Salt Lake City, UT 84101
>jeffw@nchwlaw.com
>
>Samuel P. Myler
>Mayer Brown
>71 S. Wacker Drive
>Chicago, IL 60606
>smyler@mayerbrown.com

/s/ *Emily Christensen, Legal Assistant*